Lawrence BEHR, Appellant

v.

FEDERAL COMMUNICATIONS
COMMISSION, Appellee.

No. 15–1003.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 29, 2015.

Donald J. Evans, Fletcher, Heald & Hildreth, PLC, Arlington, VA, for Appellant.

Richard Kiser Welch, David Morris Gossett, Jacob M. Lewis, C. Grey Pash, Jr., Jonathan Bruce Sallet, Federal Communications Commission, Office of General Counsel, Washington, DC, for Appellee.

Before: GARLAND, Chief Judge, BROWN, Circuit Judge, and SENTELLE, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from the order of the Federal Communications Commission ("FCC")

was considered on the record and the briefs of the parties. *See* FED. R.APP. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the Commission's order be affirmed.

Appellant Lawrence Behr challenges an FCC order denying his request for a hearing under 47 C.F.R. § 1.110. Behr's claim arises out of a lengthy history with the FCC. In 1993, Behr applied for and was awarded via lottery a 220–222 MHz-band broadcasting license. Due to the FCC's administrative error, the license was improperly granted to another licensee in 1995. The FCC corrected its error in 1996 after Behr inquired about the status of his application in 1996, awarding him a reinstated license. This license required him to construct a base station within 12 months—the same timetable as all other Phase I licenses assigned in the original 1993 lottery. *See* 47 C.F.R. § 90.725(f).

In June 2003, Behr filed an application to modify his license; specifically, to update the contact information for the license, provide answers regarding foreign ownership, and change the station class from for-profit private carrier to for-profit interconnected service. Behr also attached a request for a waiver of the construction requirement for Phase I licenses, asking for an extension from 12 months to 5–10 years to construct his base station. The Wireless Telecommunications Bureau denied his waiver request on November 12, 2003, and granted his license modification application on November 17, 2003.

Under FCC regulations, "[w]here the Commission without a hearing grants any application *in part* ... the action of the Commission shall be considered a grant of such application unless the applicant" sends the Commission a written rejection of the grant as made within 30 days. 47 C.F.R. § 1.110 (emphasis added). Once that rejection is received, the Commission must "vacate its original action ... and send the application for hearing." Behr rejected the FCC's grant of his application for modification, claiming that his application had been granted only in part because the Commission rejected his appended waiver request. He contends that his rejection of the grant entitles him to a hearing before the Commission under Section 1.110.

■ The Commission rejected this claim in several proceedings below. This court "must uphold the Commission's decision unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Achernar Broad. Co. v. FCC,* 62 F.3d 1441, 1445 (D.C.Cir.1995) (quoting 5 U.S.C. § 706(2)(A)). Here, the FCC thoroughly explained its rationale for denying Behr's hearing request. The agency views Behr's matter as involving (i) a fully granted modification application and (ii) a separately attached request for a waiver of the construction timetable—which was denied. Behr argues, to the contrary, that the waiver request was the core of his application and, moreover, that its physical attachment to the modification application required the FCC to view them as a singular application. But the Commission explained that its consideration of Behr's request to modify various factual elements of his license was entirely independent from its consideration and eventual denial of Behr's waiver request. *See In the Matter of Lawrence Behr,* 29 FCC Rcd. 15,924, 15,933–34 (2014). Indeed, the Bureau decided the two portions of Behr's application in two separate proceedings. *See* Letter from Ronald B. Fuhrman, Deputy Chief, Technical Analysis Branch, Commercial Wireless Div., to Donald J. Evans, Esq., Counsel to Lawrence Behr (Nov. 12, 2003); FCC File No. 0001332167 (Nov. 17, 2003).

The Commission further noted it "would have no logical reason to assume that action on the waiver request would have any bearing on Behr's interest in keeping his license up-to-date." *Behr*, 29 FCC Rcd. at 15933. Behr's interpretation of Section 1.110 would mean the denial of *any* request for relief that happened to be attached to an application (even a wholly unrelated application) would entitle the requestor to an evidentiary hearing—which could require the Commission to expend limited resources conducting innumerable Section 1.110 hearings. The Commission's interpretation of Section 1.110 is therefore reasonable and entitled to deference. *See, e.g., Decker v. Nw. Envtl. Def. Ctr.,* —— U.S. ——, 133 S.Ct. 1326, 1337–38, 185 L.Ed.2d 447 (2013) ("[A]n agency's interpretation need not be the only possible reading of the regulation—or even the best one—to prevail."). And, though its reading survives under either standard, the Commission is entitled to even greater deference here because it is interpreting its own regulation. *See Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) ("Because the [relevant] test is a creature of the Secretary's own regulations, his interpretation of it is, under our jurisprudence, controlling unless plainly erroneous or inconsistent with the regulation.").

This Circuit also has relevant precedent which bolsters the Commission's reading. In *Buckley–Jaeger v. FCC,* the court considered a case in which the FCC granted an application to renew the petitioner's license while denying the petitioner's attached waiver request. 397 F.2d 651 (D.C.Cir.1968). The licensee there, like Behr, claimed this amounted to a partial denial entitling him to a hearing under Section 1.110. The court held that Section 1.110 "concerns situations where the applicant receives less than a full authorization. But here Appellant received the full au-thorization to which it was entitled under the statute and rules. In these circumstances we do not believe the rule can reasonably interpreted as making a hearing mandatory." *Id.* at 656. That same logic applies with equal force in Behr's case.

Behr, moreover, had other avenues available for appealing the denial of his waiver request: by filing either a petition for reconsideration or an application for review. He did neither. Behr has also waived any substantive challenge by failing to raise this argument in his briefs. *See Petit v. U.S. Dep't of Educ.,* 675 F.3d 769, 779 (D.C.Cir.2012). For these reasons, Behr cannot prevail on appeal and the Commission's order is affirmed.

Pursuant to D.C. CIRCUIT RULE 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R.APP. P. 41(b); D.C. CIR. R. 41(a)(1).